UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| PAUL JUNIOR SOYARS,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | 4:25-CV-04242-RAL<br><br>ORDER SCREENING CASE AND DISMISSING MOTION |

Petitioner Paul Junior Soyars filed a pro se motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Doc. 1. Soyars's motion is dated December 3, 2025, and was docketed on December 10, 2025. Id. at 7. This Court now screens Soyars's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts and has determined that the motion is time-barred. Thus, Soyars's § 2255 motion is dismissed under 28 U.S.C. § 2255(b) and Rule 4 of the Rules Governing Section 2255 Proceedings.

Motions under § 2255 are subject to a one-year statute of limitation that runs from the latest of four specified dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

1

    (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In this case, two of the above dates may be relevant—the date on which the judgment of conviction became final and the date on which Soyars could have discovered through the exercise of due diligence the facts supporting the claim presented.

A judgment of conviction is deemed final "where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed." United States v. Johnson, 457 U.S. 537, 543 n.8 (1982) (citation omitted); see also Clay v. United States, 537 U.S. 522, 527 (2003) (stating that "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). The time for filing a petition for writ of certiorari expires ninety (90) days after entry of the Court of Appeals' judgment. Clay, 537 U.S. at 525.

Soyars's § 2255 motion arises out of his criminal conviction in United States v. Soyars, 4:02-cr-40046-LLP (D.S.D).[1] The underlying conviction stems from a letter Soyars mailed in January 2002 to then-President George W. Bush containing the statement, "Antrax [sic] this up you're a**, Bush." CR Doc. 39. At the time, Soyars was incarcerated in the South Dakota State Penitentiary for grand theft and possession of a controlled weapon. PSR ¶ 6. In July, Soyars was charged with the attempted murder of another person incarcerated with him at the state prison. CR Doc. 65 at 1; PSR ¶ 33. In October, Soyars pled guilty to one count of threats against the President in violation of 18 U.S.C. § 871(a) as a part of a global resolution of his pending federal and state cases. CR Doc. 43; see CR Doc. 51 at 6. Later that year in December, Soyars was sentenced in

---

[1] This Court cites to documents from Soyars's underlying criminal case as "CR" followed by the CM/ECF docket number.

state court to fifteen years for attempted murder, consecutive to the twenty-five-year state sentence for grand theft and possession of a controlled weapon he was already serving. CR Doc. 65 at 1.

In Soyars's PSR, Soyars's base offense level of 12 was adjusted to 15 to account for the official status of the victim, and then again increased to 17 due to his status as a career offender within the meaning of U.S.S.G. § 4B1.1. See PSR ¶¶ 13, 17, 21. This offense level was reduced by three to account for his acceptance of responsibility, and with a total offense level of 14 and criminal history category of VI, Soyars faced a guideline range for imprisonment of 37 to 46 months. Id. ¶¶ 22–23, 59. In 2003, Soyars was sentenced by the Honorable Lawrence L. Piersol to forty-two months of imprisonment. CR Docs. 54, 55. Twenty-four months of Soyars's federal sentence were to run consecutively to Soyars's South Dakota state sentence for attempted murder in the first degree and the remaining eighteen months were to run concurrently with the undischarged terms of imprisonment for attempted murder in the first degree grand theft and possession of a controlled weapon. CR Doc. 55 at 2; CR Doc. 65 at 1–2.

Judge Piersol entered judgment on January 14, 2003. CR Doc. 55. Soyars did not appeal his guilty plea or his sentence to the United States Court of Appeals for the Eighth Circuit. Soyars's sentence thus became final on January 28, 2003, fourteen days after the Court entered judgment. Johnson, 457 U.S. at 543 n.8; see also Clay, 537 U.S. at 525, 527. Soyars's one-year statute of limitation for filing a § 2255 motion began running on January 29, 2003, and expired on January 28, 2004, roughly twenty-two years before Soyars filed this motion. Soyars is currently incarcerated at the South Dakota State Penitentiary serving his second consecutive state sentence for attempted murder. See Paul J. Soyars, S.D. Dep't Corr., https://docadultlookup.sd.gov/adult/lookup/details/?id=IErE5a6gdho=. His initial parole date is

3

June 15, 2031. Id. After his release from the State Penitentiary, Soyars will begin to serve his twenty-four month consecutive sentence for his federal offense. See CR Docs. 54, 55.

Soyars concedes that his conviction became final more than one year before he filed his § 2255 motion, but contends that he only became aware that he was classified as a career offender under the sentencing guidelines last year when Judge Piersol issued an order denying his motion for compassionate release. Doc. 1 at 4. Soyars argues that § 2255(f)(4) applies to his motion as "[t]he career offender enchancement [sic] goes to the heart of a majority of [his] claims." Id. Soyars raises four grounds for relief: 1) that he suffered a due process violation as he lacked the two necessary prerequisite convictions to sustain a career offender enhancement or designation at the time that he committed his instant federal offense; 2) his counsel was ineffective for failing to object to his classification as a "career offender"; 3) he is actually innocent because he only meant the comment to President Bush as a joke; and 4) he suffered a second due process violation as the guideline career offender enhancement has a residual clause that is vague in a similar way to the unconstitutional vague residual clause of the Armed Career Criminal Act (ACCA). Id. at 5–6. See also Johnson v. United States, 576 U.S. 591 (2015); Welch v. United States, 578 U.S. 120 (2016).

A petitioner relying on the statute of limitation set forth in 28 U.S.C. § 2255(f)(4) "must show the existence of a new fact, while also demonstrating [that he] acted with diligence to discover the new fact." Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008) (brackets in original) (quoting E.J.R.E. v. United States, 453 F.3d 1094, 1097 (8th Cir. 2006)). The Eighth Circuit has also instructed that a district court should consider "when a duly diligent person in petitioner's circumstances would have discovered" the operative facts. Id. (citation omitted). According to the Supreme Court, "diligence can be shown by prompt action on the part of the

4

petitioner as soon as he is in a position to realize" that he should act. Johnson v. United States, 544 U.S. 295, 308 (2005).

A duly diligent person in Soyars's circumstances would have discovered that the U.S. Probation Office had determined that he was a career offender well before the one-year statute of limitation for filing a § 2255 motion expired on January 28, 2004. Soyars's career offender enhancement as calculated in his guidelines was available to him before his sentencing in his Presentence Investigation Report, which was disclosed to him and his attorney on December 9, 2002. See CR Doc. 51 at 1. On January 10, 2003, Soyars's defense attorney filed his sentencing memorandum, which discussed Soyars's career offender status, although Soyars now claims in his present motion that he had no knowledge of that memorandum. Id. at 4–5; Doc. 1 at 5. Even if Soyars had not seen the sentencing memorandum or the PSR, the sentencing minutes reflect that Judge Piersol discussed the impact of Soyars's career offender status on his guideline range during his sentencing hearing. See CR Doc. 54 at 2. Therefore, the record clearly reflects that Soyars was aware of his status as a career offender before the statute of limitations had run for grounds one, two, and four. Similarly, facts related to the third ground, Soyars's claim for actual innocence because the letter was a "joke" at the time he sent it, would have been discovered by Soyars before January 28, 2004, especially as these facts go to his state of mind during the commission of the underlying offense. Thus, on the basis of the record, this Court determines Soyars's motion is time-barred as Soyars has not shown "the existence of a new fact, while also demonstrating [that he] acted with diligence to discover the new fact." Anjulo-Lopez, 541 F.3d at 817.

But even if this motion had been timely filed, Soyars's claims concerning his guideline calculations are not cognizable as his sentence does not constitute a miscarriage of justice. See Sun Bear v. United States, 644 F.3d 700, 705–06 (8th Cir. 2011) (en banc). Under § 2255,

5

> [t]he court shall grant appropriate relief if it finds "that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."

Id. at 704 (quoting 28 U.S.C. § 2255(b)). "An unlawful or illegal sentence is one imposed without, or in excess of, statutory authority." Id. at 705. If the original sentence could be reimposed were the petitioner granted the § 2255 relief he requested, there is no miscarriage of justice. Id.; see also Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995) ("We merely hold that ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim."). Under 18 U.S.C. § 871(a), one who makes a threat against the President or successors to the President "shall be fined under this title or imprisoned not more than five years, or both." Soyars's forty-two-month sentence for his threat conviction plainly falls below the statutory maximum. See CR Doc. 55. Therefore, there is no miscarriage of justice, and his ordinary question of guideline interpretation does not present a proper § 2255 claim. See Sun Bear, 644 F.3d at 705–06; Auman, 67 F.3d at 161.

Finally, setting aside the timeliness issues, Soyars's fourth argument concerning the vagueness of the career offender guidelines language has already been considered and rejected by the United States Supreme Court. See Beckles v. United States, 580 U.S. 256, 263 (2017).[2]; see

---

[2] As the Supreme Court noted in Beckles,

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

580 U.S. at 263.

6

also <u>Beasley v. United States</u>, No. 1:16CV217, 2019 WL 3083341, at *2 (E.D. Mo. July 15, 2019) (rejecting petitioner's argument in his § 2255 motion that because he was improperly classified as a career offender in his guideline calculations, the recent Supreme Court holdings in <u>Johnson v. United States</u>, 576 U.S. 591 (2015) and <u>Welch v. United States</u>, 578 U.S. 120 (2016) mandate the court resentence him without finding him to be a career offender).

Additionally, because Soyars has failed to make a substantial showing of the denial of a constitutional right, this Court will not issue a Certificate of Appealability. 28 U.S.C. § 2253.

Because it plainly appears that the grounds in Soyars's § 2255 motion do not entitle him to any relief, it is hereby

ORDERED that the § 2255 motion is denied and dismissed on initial screening under 28 U.S.C. § 2255(b) and Rule 4 of the Rules Governing Section 2255 Proceedings. It is further

ORDERED that this Court will not issue a Certificate of Appealability.

DATED this 13th day of January, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE